IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR YOUNG, ) | |
|     Petitioner, ) | Civil Action No. 17-114 Erie |
| ) | |
| v. ) | Judge Susan Paradise Baxter |
| ) | |
| MARK GARMAN, et al., ) | |
|     Respondents. ) | |

## **MEMORANDUM**[1]

Pending before the Court is a petition for a writ of habeas corpus (ECF No. 6) filed by state prisoner Victor Young ("Petitioner") pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For the reasons that follow, it is dismissed because his claim is untimely and a certificate of appealability be denied.

## I.

### A. **Relevant Background**

On April 3, 2007, Petitioner appeared before the Court of Common Pleas of Erie County and pleaded guilty but mentally ill to one count of rape and one count of involuntary deviate sexual intercourse. (ECF No. 13, Commonwealth v. Young, No. 1730 WDA 2015, slip op. at 1 (Pa.Super.Ct. Aug. 11, 2016)). The trial court sentenced him on August 1, 2007, to an aggregate term of 17 to 34 years of incarceration. (Id.) On August 10, 2007, the trial court denied Petitioner's motion to modify or reconsider his sentence. (Id.) No direct appeal was filed in the case. Accordingly, Petitioner's judgment of sentence became final under both state and federal law on September 10, 2007, when his time to file a

---

[1] On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was reassigned to this Court's docket on September 17, 2018.
.

1

direct appeal to the Superior Court of Pennsylvania expired. (Id. at 1-2); 42 PA. CONS. STAT. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Gonzalez v. Thaler, 565 U.S. 134, 149-54 (2012) (under relevant federal law a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review).

On October 11, 2007, Petitioner filed a *pro se* petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. § 9541 *et seq.* The PCRA court denied the petition on November 19, 2007, and Petitioner did not file an appeal with the Superior Court of Pennsylvania. That PCRA proceeding concluded on or around December 19, 2007, when the time for him to file an appeal expired. Pa.R.A.P. 903; Lawrence v. Florida, 549 U.S. 327, 331-36 (2007); Swartz v. Meyers, 204 F.3d 417, 420-21 (3d Cir. 2000).

Petitioner filed his most recent relevant PCRA petition on July 23, 2015. In it, he asserted a right to relief based on the United States Supreme Court's decision in Alleyne v. United States, 570 U.S. 99 (2013). "In Alleyne, the Supreme Court overruled its prior precedent, Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), and clarified that, under the Sixth Amendment, any facts that increase the prescribed range of penalties to which a criminal defendant is exposed are elements of the crime and must be found beyond a reasonable doubt." United States v. Reyes, 755 F.3d 210, 212 (3d Cir. 2014) (citations and internal quotations omitted).

The PCRA court dismissed Petitioner's Alleyne claim because it determined that he filed it outside of the applicable state-law statute of limitations,[2] which provides, in relevant part:

---

[2] "The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." Commonwealth v. Flanagan, 854 A.2d 489, 509 (Pa. 2004) (citations omitted).

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
>    - - -
>
>    (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 PA. CONS. STAT. § 9545(b)(1).

On August 11, 2016, the Superior Court issued an opinion in which it affirmed the PCRA court's decision. (ECF No. 13, Young, No. 1730 WDA 2015, slip op. at 1-5). It explained that Petitioner had until September 10, 2008 (that is, one year from the date his judgment of sentence became final) to file any PCRA petition and, therefore, the PCRA petition he filed on July 23, 2015, was untimely by almost seven years. (Id. at 4). It rejected Petitioner's argument that his PCRA petition was timely under the exception set forth at § 9545(b)(1)(iii), explaining:

> The Pennsylvania Supreme Court recently addressed this very issue and held unequivocally that "Alleyne does not apply retroactively to cases pending on collateral review." Commonwealth v. Washington, [142 A.3d 810, 820 (Pa. 2016)]. Accordingly, the PCRA court was correct in determining that [the Petitioner] failed to satisfy the new constitutional right exception to the time-bar.

(Id. at 4-5).[3]

In the petition for a writ of habeas corpus that Petitioner filed with this Court, he claims that Alleyne renders his sentence unconstitutional. (ECF No. 6 at 6). In their answer (ECF No. 11), Respondents contend that Petitioner's claim must be dismissed because it is untimely under AEDPA's one-year statute of limitations, which is set forth at 28 U.S.C. § 2244(d)(1). Petitioner did not file a

---

[3] The Supreme Court of Pennsylvania recently clarified that "[a]lthough Washington may be read to suggest that it forecloses Alleyne-based relief on collateral attack,… its true holding is that Alleyne does not apply to cases where the judgment of sentence was final prior to Alleyne because if the judgment of sentence was not final, then its application is not truly 'retroactive.'" Commonwealth v. DiMatteo, 177 A.3d 182, 192 (Pa. 2018) (quoting Washington, 142 A.3d at 815).

3

reply. Local Rule 2254.E.2 ("Although not required, the Petitioner may file a Reply (also known as "a Traverse") within 30 days of the date the respondent files its Answer.")

**B.     Discussion**

Respondents are correct that Petitioner's claim must be dismissed because he filed his habeas petition outside AEDPA's statute of limitations. AEDPA requires, with a few exceptions not applicable here, that federal habeas claim must be filed with the district court within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A). The statute also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). As set forth above, Petitioner's judgment of sentence became final on September 10, 2007. AEDPA's statute of limitations ran for 31 days, and then was statutorily tolled in accordance with § 2244(d)(2) from October 11, 2007 to December 19, 2007, during which time his first PCRA petition was pending. AEDPA's statute of limitations began to run again on December 20, 2007. Since 31 days had already expired from it, he had 334 days–until November 18, 2008–to file a timely petition for a writ of habeas corpus with this Court. Therefore, Petitioner's habeas petition, which he filed with this Court in 2017, is untimely by many years.

AEDPA does provide that its one-year statute of limitations may also run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, *if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review*[.]"28 U.S.C. § 2244(d)(1)(C) (emphasis added). This triggering date does not apply to this case. The Supreme Court has not held that <u>Alleyne</u> applies retroactively to cases on collateral review and the

4

United States Court of Appeals for the Third Circuit has expressly held that it does not. Reyes, 755 F.3d at 212-13; United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014).[4]

**C.     Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Petitioner's claim should be dismissed as untimely.

**II.**

Based upon all of the foregoing, the petition is dismissed with prejudice and a certificate of appealability be denied.

---

[4] In May 2018, Petitioner filed with the Court a document he entitled "Amended Memorandum of Law In Support of Petition for Writ of Habeas Corpus." (ECF No. 22). In it, he sought leave to amend his petition to raise a claim that he should not be subjected to the registration requirements of Pennsylvania's Megan's Law III. Rule 15 of the Federal Rules of Civil Procedure applies to habeas cases and, therefore, the Petitioner must receive consent from Respondents or leave of court leave to file an amendment to his petition. Fed. R. Civ. P. 15(a)(2). If his Megan's Law III is cognizable in habeas (and the Court is not concluding that it is), it would be futile to permit amendment because that claim would be untimely under AEDPA's statute of limitations, 28 U.S.C. § 2244(d)(1)(A)-(D), for the same reasons his Alleyne claim is untimely.

5

An appropriate Order follows.

Dated: October 29, 2018

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge